ADA COTTAM,

    **Plaintiff,**

v.             Case No: **6:19-cv-2182-Orl-22EJK**

**WALGREEN CO.,**

    **Defendant.**

_____

## ORDER

  This cause comes before the Court on Defendant Walgreen Co.'s ("Walgreens") Motion to Dismiss for failure to state a claim. (Doc. 13). Plaintiff filed a Response in opposition. (Doc. 15). The Motion is ripe for review.

### I. FACTUAL AND PROCEDURAL BACKGROUND

  The dispute in this case arises from Plaintiff's May 24, 2018 termination and the events leading up to the termination. (Doc. 6 at 12). Plaintiff began her career with Walgreens in 1984 as a janitor and advanced to the position of Senior Continuous Improvement Engineer until the time of her termination. (*Id*. at 2-4). Plaintiff alleges that before her termination, she informed a Human Resources ("HR") manager that Walgreens' Orlando, Florida distribution facility was improperly storing temperature sensitive products in a non-climate-controlled building called "Orsat." (*Id*. at 5-8). After informing the HR manager of these issues, Plaintiff claims that she began to experience exclusion, ostracization, and complaints about her work performance. (*Id*. at 9-10).

  Plaintiff further alleges that as a result of "having her reputation destroyed and being setup for termination," she began to experience severe stress and anxiety, resulting in chest pain, nausea, and frequent vomiting. (*Id*. at 11). Plaintiff alleges that she developed swallowing difficulties and gastroesophageal reflux disease during this time. (*Id*.). As a result, Plaintiff was hospitalized

between February 11 and February 13, 2018 for severe chest pains and was later diagnosed with depression. (*Id.*). Plaintiff asserts that she sought the assistance of medical professionals, including a psychiatrist, and was required to use her paid time off to undergo esophageal surgery. (*Id.* at 11-12). Plaintiff was subsequently terminated on May 24, 2018. (*Id.* at 12).

After her termination, on June 28, 2018, Plaintiff executed and filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 6-1 at 1). The Charge detailed Plaintiff's allegations about the workplace events that led to her stress and subsequent physical ailments. (*Id.* at 3). Plaintiff alleged that her disability requests for accommodation and appeals had been consistently denied. (*Id.* at 3). While Plaintiff admitted that her initial unpaid leave request was granted, she asserted that her other requests for reasonable accommodations, including a paid leave request, were denied despite providing a note from her primary care physician indicating the need for leave. (*Id.*). Plaintiff received her right to sue on August 22, 2018. (Doc. 6-2 at 1).

Plaintiff originally filed her Complaint on October 7, 2019 in the Ninth Judicial Circuit Court, in and for Orange County, Florida. (Doc. 101). Walgreens subsequently removed the case to this Court on November 15, 2019 based on federal question jurisdiction. (*Id.*). Thereafter, Plaintiff filed an Amended Complaint with this Court, setting forth claims under the Private Sector Whistleblower Act (Count One), the Florida Civil Rights Act ("FCRA") (Count Two), and Family Medical Leave Act ("FMLA") interference (Count Three). (Doc. 6).

## II.    LEGAL STANDARD

When deciding a motion to dismiss based on failure to state a claim upon which relief can be granted, the court must accept as true the factual allegations in the complaint and draw all inferences derived from those facts in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Generally, under the Federal Rules of Civil Procedure, a

complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id*. (quoting Fed. R. Civ. P. 8(a)(2)). However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). Thus, the Court is not required to accept as true a legal conclusion merely because it is labeled a "factual allegation" in the complaint; it must also meet the threshold inquiry of facial plausibility. *Id*.

## III.   ANALYSIS

Walgreens moves to dismiss Plaintiff's FCRA claim for failure to allege facts to support a prima facie case of disability discrimination and failure to accommodate, applying the standards of the Americans with Disabilities Act ("ADA"). Plaintiff argues that her Amended Complaint sufficiently provides notice to Walgreens of her claims and that she should be entitled to proceed with discovery on these issues.

### A. Prima facie case of discrimination under the ADA

Walgreens argues that Plaintiff has not made sufficient allegations, other than formulaic recitations of the legal standard, that establish a prima facie case of discrimination under the FCRA, applying ADA caselaw. As Walgreens noted in its Motion, "disability-discrimination claims under the FCRA are analyzed using the same framework as ADA claims." *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007) (citing *D'Angelo v. ConAgra Foods, Inc*., 422 F.3d 1220, 1224 n. 2 (11th Cir. 2005). "In order to establish a prima facie case of discrimination under the ADA, a plaintiff must demonstrate that [she] (1) is disabled, (2) is a qualified individual, and (3) was subjected to unlawful discrimination because of [her] disability."

*Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (internal citations and quotation marks omitted). "The term 'disability' means, with respect to an individual – (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment . . . ; or (C) being regarded as having such an impairment . . . " 42 U.S.C. § 12102(1). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2).

Walgreens does not currently dispute Plaintiff's allegation that she is disabled or that she was subjected to unlawful discrimination because of her ability. Walgreens moves to dismiss Plaintiff's Amended Complaint for her failure to allege that she was qualified to perform the essential functions of her position. In support, Walgreens points to Plaintiff's EEOC Charge of Discrimination. (Doc. 6-1 at 3). The Charge stated that Plaintiff provided Walgreens' disability provider with documentation to obtain benefits, including a signed form sent directly from her primary care physician which included the request for disability leave with no return-to-work date, as it was unknown at the time. (*Id*.). Walgreens argues that given the lack of a return date, Plaintiff cannot establish that she was a "qualified individual" for the purposes of the ADA.

The ADA's regulations explicitly define what it means to be "qualified." Specifically, "the term 'qualified,' with respect to an individual with a disability, means that the individual satisfies the requisite skill, experience, education and other job-related requirements of the employment position such individual holds or desires and, with or without reasonable accommodation, can perform the essential functions of such position." 29 C.F.R. § 1630.2(m). Essential functions are "the fundamental job duties of the employment position the individual with a disability holds or

desires." *Id.* at § 1630.2 (n)(1). Whether a function is "essential" is determined on a case-by-case basis. *Holly*, 492 F.3d at 1257.

It can be inferred that being able to go back to work after taking medical leave would be an essential function of the job. *See Garrison v. City of Tallahassee*, 664 F. App'x 823, 827 (11th Cir. 2016) (holding that the district court committed no error in concluding that the plaintiff was unable to perform an essential function of her job – full-time physical attendance). Here, Plaintiff has sufficiently alleged that she would have been able to return to work. As Plaintiff points out in her Reply, her Amended Complaint states that her doctors gave a request for leave as an accommodation and a date of return up to December 2018. (Doc. 6 at 12). That allegation is all that is necessary to plausibly plead that Plaintiff was capable of returning to work. Thus, Plaintiff has alleged sufficient factual allegations that she is a qualified individual under the FCRA.

Walgreens also argues that Plaintiff's failure to identify any similarly-situated employees who could serve as proper comparators is a basis for dismissal of the FCRA claim. The Eleventh Circuit has held that an "employer's failure to reasonably accommodate a disabled individual *itself* constitutes discrimination under the ADA, so long as that individual is otherwise qualified, and unless the employer can show undue hardship." *Holly*, 492 F.3d at 1262 (emphasis in original) (internal quotation marks omitted). Walgreens, however, cites *Wolfe v. Postmaster General* in arguing that a plaintiff must present evidence of similarly-situated employees who could serve as proper comparators in disparate treatment ADA cases. 488 F. App'x 465, 467 (11th Cir. 2012). As Plaintiff points out, this case, unlike *Wolfe*, is not setting forth a disparate treatment claim. And even if Plaintiff were setting forth a claim that required comparators, such evidence would not be required at the motion to dismiss stage—the court in *Wolfe* was reviewing the district court's decision to grant summary judgment in favor of the employer. 488 F. App'x at 469.

Thus, having carefully reviewed Plaintiff's Amended Complaint, construing Plaintiff's factual allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently alleged that she is a qualified individual under the FCRA. Such a claim does not require, at least at this juncture, evidence of comparators.

*B. Failure to accommodate under the ADA*

Walgreens further asserts that Plaintiff's FCRA claim should be dismissed because Plaintiff failed to state a claim for failure to accommodate under the ADA. Walgreens again points to Plaintiff's EEOC Charge of Discrimination wherein she provided no return-to-work date (Doc. 6-1 at 3), arguing that such a proposed accommodation would not be considered reasonable.

"An employer unlawfully discriminates against a qualified individual with a disability when the employer fails to provide 'reasonable accommodations' for the disability—unless doing so would impose undue hardship on the employer." *Lucas v. Grainger*, 257 F.3d 1249, 1255–56, 1258 (11th Cir. 2001). An "accommodation can qualify as 'reasonable,' and thus be required by the ADA, only if it enables the employee to perform the essential functions of the job." *Id*. To satisfy the pleading burden with respect to the third element of a failure to accommodate claim:

> the Complaint must allege facts from which the Court may infer that a reasonable accommodation existed and was denied to the plaintiff, and that providing that accommodation would not have imposed an undue hardship on the employer.

See 42 U.S.C. § 12112(b)(5)(A).

Walgreens relies on *Spears v. Creel* in arguing that an extended leave of absence of definite duration, "as opposed to indefinite duration, may be a reasonable accommodation in certain circumstances." 607 F. App'x 943, 950 (11th Cir. 2015). While Plaintiff's EEOC Charge does not provide a return date, Plaintiff's Amended Complaint sufficiently alleges that she provided Walgreens with forms filled out by her doctor which requested leave and an accommodation "until December 2018." (Doc. 6 at 12). At this stage in the litigation, that allegation, accepted as true, is

sufficient to allege that Plaintiff made a request for a reasonable accommodation under the ADA. *See Randall*, 610 F.3d at 705.

## IV.  CONCLUSION

The Court, assuming the veracity of the well-pleaded factual allegations, finds that the allegations in Plaintiff's Amended Complaint plausibly give rise to an inference that Plaintiff was subject to unlawful discrimination because of her disability in violation of the FCRA, sufficient to survive Walgreens' Motion to Dismiss. *See Iqbal*, 556 U.S. at 679.

Based on the foregoing, it is ordered as follows:

1.  Defendant's Motion to Dismiss (Doc. 13) is **DENIED**.

2.  Defendant **SHALL FILE** an answer to the Complaint within fourteen days.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on January 14, 2020.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record